UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:08CR-70-H

COMMONWEALTH OF KENTUCKY                          RESPONDENT/PLAINTIFF

v.

VICTOR H. MARTIN                                   PETITIONER/DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Petitioner/Defendant Victor H. Martin's petition to

remove his criminal proceeding pursuant to 28 U.S.C. §§ 1441 and 1446.  For the reasons set

forth below, the Court will dismiss the petition and remand the action to state court.

**I.**

Martin is currently an inmate confined at the Louisville Metro Department of

Corrections.  This petition for removal arises out of a criminal prosecution currently pending in

the Jefferson Circuit Court, *Commonwealth of Kentucky v. Victor H. Martin*, Indictment No. 07-

CR-1597.  Martin is charged with robbery and possession of a handgun by a convicted felon.

Martin alleges that the constitutional violations began on June 17, 2008, when his public

defender, Judy Kalin, "acted in concert with the judge; the prosecution on behalf of the

commonwealth of Kentucky to deprive him of a fair; equal and due process trial by jury."[1]  He

claims that defense counsel "willfully" instructed him to accept the plea agreement because he

would receive probation.  According to Martin, however, "[u]pon going before the court and

reading the terms over again after he signed it, the plea agreement was marked out and the

---

[1]Martin alleges that the prosecutor "committed a official act of misconduct by going outside of the constitutional and statutory structure," and that the judge "committed acts of misconduct . . . by not enforcing his/her 'Faretta Duties,' . . . [and by not] allow[ing] him to withdraw his guilty plea."

prosecution said probation was never offered and counsel set back and said nothing." Martin

further alleges that his counsel failed to make reasonable decisions and investigation and has a

conflict of interest with him.

Martin broadly alleges violations of the First, Fifth, Sixth, Eighth, Thirteenth, and

Fourteenth Amendments of the United States Constitution and violations of state law. As relief,

he seeks to have his plea agreement declared unconstitutional; his trial to be held within 30 to 60

days; disqualification of the public defender's office and appointment of private counsel; and

protection from prosecutorial retaliation.

## II.

Martin asserts that his action is removable to this Court pursuant to 28 U.S.C. §§ 1441

and 1446. Turning first to § 1441(b), as specifically referenced by Martin, that statute provides,

> Any *civil action* of which the district courts have original jurisdiction founded on a
> claim or right arising under the Constitution, treaties or laws of the United States
> shall be removable without regard to the citizenship or residence of the parties. Any
> other such action shall be removable only if none of the parties in interest properly
> joined and served as defendants is a citizen of the State in which such action is
> brought.

28 U.S.C. § 1441(b) (emphasis added). Martin argues that removal is proper because this Court

has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over any

supplemental state-law claims under 28 U.S.C. § 1367.[2] Like § 1441(b), however, those statutes

pertain only to civil, not criminal, actions. Because §§ 1331 and 1367 are civil in nature, Martin

---

[2]Section 1331(a) provides, "[t]he district courts shall have original jurisdiction of all *civil actions*
arising under the Constitution, laws, or treaties of the United States," and § 1367(a), provides, "in any
*civil action* of which the district courts have original jurisdiction, the district courts shall have
supplemental jurisdiction over all other claims that are so related to claims in the action within such
original jurisdiction that they form part of the same case or controversy under Article III of the United
States Constitution."

fails to establish this Court's jurisdiction for entertaining the removed criminal action and

removal is not proper under § 1441(b).

Although § 1441 pertains to the removal of civil actions, 28 U.S.C. § 1446[3] provides a

procedure for removal of a criminal prosecution.  While § 1446 governs the *procedure* for

removal, it does not authorize the *substantive* right of removal.  Rather, a state defendant may

remove his criminal prosecution only as provided in 28 U.S.C. § 1443.  This section permits

removal of a criminal action by a defendant:

> (1)  Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing for the equal civil rights of citizens of the United States . . .; or
>
> (2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  Martin's criminal action is not removable under either subsection.

With respect to subsection (1), a removal petition must satisfy a two-pronged test.  *See*

*Johnson v. Mississippi*, 421 U.S. 213 (1975).  "First, it must appear that the right allegedly

denied the removal petitioner arises under a federal law 'providing for specific civil rights stated

in terms of racial equality.'"  *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384

U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.  That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

---

[3]On one occasion, Martin references § 1446(b).  As subsection (b) applies to a notice of removal of a *civil* action or proceeding, it is not applicable here.

*Id.* (citing *City of Greenwood v. Peacock,* 384 U.S. 808, 825 (1966)).  Second, a petitioner must

show that he cannot enforce the specified federal right in state court.  *Johnson*, 421 U.S. at 219.

"This provision normally requires that the 'denial be manifest in a formal expression of state

law,' such as a state legislative or constitutional provision, 'rather than a denial first made

manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation

marks omitted).

The record reflects that Martin is being prosecuted for robbery and being a convicted

felon in possession of a handgun.  While he broadly claims that the criminal prosecution violates

his right to equal protection of the law and constitutes involuntary servitude, "[t]here is not the

merest hint from [his] allegations . . . that the violation is based on violation of 'racial equality.'"

 *State of Iowa v. Johnson*, 976 F. Supp. 812, 817 (N.D. Iowa 1997) (quoting *Rachel*, 384 U.S. at

792).  In other words, he makes broad claims of constitutional violations rather than the requisite

violation of racial equality.  Such is not sufficient to support removal under the section.  *See also*

*United States ex rel. Sullivan v. State of Missouri*, 588 F.2d 579, 580 (8th Cir. 1978) ("Section

1443 applies only to denial of specific rights of racial equality and not to the whole gamut of

constitutional rights" (citations omitted)).  His petition also fails to satisfy the second prong, for

he fails to allege a "formal expression of state law," § 1443(1), that prohibits his enforcing his

federal rights in state court.  For these reasons, removal is not proper under § 1443(1).

Nor does Martin's criminal action satisfy the alternative bases for removal under

§ 1443(2).  "The first clause [of subsection (2)], 'for any act under color of authority derived

from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and

held available only to federal officers and to persons assisting such officers in the performance

of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597

F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of §

1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"),

the Supreme Court has noted that "[i]t is clear that removal under that language is available only

to state officers." *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants

Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect

state officers from being penalized for failing to enforce discriminatory state laws or policies by

providing a federal forum in which to litigate these issues."). As Martin is not a federal officer

or a person assisting a federal officer in the performance of his duties or a state officer, neither

clause of § 1443(2) applies.

Because removal is not authorized under either § 1441 or § 1443, this Court is without

jurisdiction to entertain Martin's criminal action at this time. As procedural guidance, however,

the Court advises that should Martin believe that his federal constitutional rights have been

violated during his criminal proceeding, he should first exhaust his available state-court remedies

(on direct appeal and by way of any post-conviction collateral attacks, such as a RCr 11.42, for

instance) and then file a federal habeas petition under 28 U.S.C. § 2254.

**III.**

Because the Court finds that removal of Martin's criminal action is improper, it will

dismiss his petition and summarily remand the action pursuant to 28 U.S.C. § 1446(c)(4).[4]

---

[4]Pursuant to § 1446(c)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

5

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Petitioner/Defendant
         Clerk, Jefferson Circuit Court
         Jefferson County Attorney
4412.005